IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SAMUEL HORNE, JR.** | * | |
| **302 Cantata Court** | | |
| **Room 410** | * | |
| **Reisterstown, Maryland 21136** | | |
| | * | |
| **Plaintiff,** | | |
| | * | |
| v. | | Civil Action No. _____ |
| | * | |
| **KENDELL L. RICHBURG** | | |
| **Officer** | * | |
| **Baltimore City Police Department** | | |
| **601 East Fayette Street** | * | |
| **Baltimore, Maryland 21202** | | |
| | * | |
| and | | |
| | * | |
| **SPENCER MOORE** | | |
| **Detective** | * | |
| **Baltimore City Police Department** | | |
| **601 East Fayette Street** | * | |
| **Baltimore, Maryland 21202** | | |
| | * | |
| and | | |
| | * | |
| **STEVE BOWMAN** | | |
| **Sergeant** | * | |
| **Baltimore City Police Department** | | |
| **601 East Fayette Street** | * | |
| **Baltimore, Maryland 21202,** | | |
| | * | |
| **Defendants** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Samuel Horne, Jr., by and through the undersigned attorney, hereby sues the Defendants, Kendell L. Richburg, Spencer Moore, and Steve Bowman for various violations of his rights secured under the United States Constitution, and, for common law battery arising from the excessive use of force. In support of this action, which he prays in relevant part be tried before a jury, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action in accordance with 28 U.S.C. §§ 1331 and 1343, in that this action, in part, arises under the Constitution of the United States and the laws of the United States and asserts a violation of civil rights secured by the United States Constitution and by federal law.

2. This Court also has ancillary jurisdiction over such related tort claims arising under state law from the same factual circumstances that are alleged in this action. .

3. Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b) because the Plaintiff's causes of action arose within the District of Maryland.  In addition, there is no other district within which this action may be brought, and the defendants reside in the State of Maryland.

### THE PARTIES

4. Plaintiff, Samuel Horne, Jr., is an African American male in his 60s who resided in Baltimore County, Maryland.

5. Defendant Kendell L. Richburg is an officer of the Police Department of Baltimore City.  Defendant Richburg was an authorized agent of the Police Department of Baltimore City

for all actions herein alleged. For purposes of the allegations of this Complaint, he has proceeded as a person acting under color of state law within the meaning of 42 U.S.C. § 1983.

    6. Defendant Spencer Moore is an officer of the Police Department of Baltimore City bearing the rank of Detective. Defendant Moore was an authorized agent of the Police Department of Baltimore City for all actions alleged herein. Defendant Moore was the partner of Defendant Richburg on June 16, 2009. For purposes of the allegations of this Amended Complaint, he has proceeded as a person acting under color of state law within the meaning of 42 U.S.C. § 1983.

    7. Defendant Steve Bowman is an officer of the Police Department of Baltimore City bearing the rank of Sergeant. Defendant Bowman was an authorized agent of the Police Department of Baltimore City for all actions alleged herein. Defendant Bowman was a participant with Defendant Richburg in the events alleged herein on June 16, 2009. For purposes of the allegations of this Amended Complaint, he has proceeded as a person acting under color of state law within the meaning of 42 U.S.C. § 1983.

## BACKGROUND FACTS

    8. On or about June 16, 2009, at about 7:30 PM, Plaintiff was stopped in his automobile in the Park Heights section of Baltimore City in the 4000 block of Cottage Avenue. At the time, Plaintiff was alone inside his closed automobile, which vehicle was located on the side of a public street, out of the path of traffic. The motor vehicle was lawfully registered to him under in Plaintiff's name under Maryland law.

    9. Defendants Richburg and his partners, one or both Defendants Moore and/or Bowman, approached Plaintiff's vehicle with suspicions that Plaintiff was involved in a violation

of state drug laws. One of the ~~two~~ Defendants engaged Plaintiff in conversation while the other Defendant(s) approached Plaintiff's vehicle from the passenger side.

10. While one of the individual police officer Defendants engaged Plaintiff in conversation, one of the other police officer Defendants entered the Plaintiff's vehicle without consent and struck Plaintiff with a hard blunt object about the bridge of his nose.

11. At no point during the course of this police encounter did Plaintiff attempt to flee, provide any provocation, or present any threat to the Defendant police officers to justify any use of force against him.

12. At no time prior to the police entry into the closed vehicle of Plaintiff did Plaintiff invite either of the officers to enter the vehicle, nor did he give consent to the entry. At the time that the Defendant police officer who struck Plaintiff entered Plaintiff's vehicle, neither of the Defendants had probable cause to effect entry.

13. Indeed, it was only *after* one of the Defendants police officers struck Plaintiff in the face, breaking his nose and causing a severe flow of blood from the wound did the Defendant police officers seek, and did the Plaintiff give, his consent to the Defendant police officers to search his vehicle

## CAUSES OF ACTION

### COUNT I
**(Civil Rights Claim against only Defendants Richburg, Moore, and Bowman for violation of the Fourth and Fourteenth Amendments)**

14. Plaintiff realleges the assertions made in paragraphs 1 through 13 of this Complaint as if these paragraphs had been fully set forth herein.

15. Upon entering the Plaintiff's vehicle, without his consent and in the absence of probable cause, in order to strike the Plaintiff about the nose with a hard blunt object, the Defendant police officer who struck Plaintiff intruded into Plaintiff's vehicle for the purpose of coercing consent by force to search the Plaintiff's vehicle in violation of the Plaintiff's federally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

16. After his partner had struck Plaintiff to render his judgment impaired, the Defendant police officer(s) who did not strike Plaintiff proceeded nonetheless to seek and secure Plaintiff's expression of consent against his will given his impaired condition, and thereupon entered and conducted a search of the Plaintiff's vehicle. These Defendant police officer(s) had no probable cause to conduct a search of Plaintiff and his vehicle prior to their partner's assault of Plaintiff. In so proceeding, this Defendant police officer(s) acted in violation of the Plaintiff's federally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

17. In proceeding as they were alleged herein on June 16, 2009, Defendants police officers acted under color of state law to deny to Plaintiff federally protected rights, in violation of 42 U.S.C. § 1983.

18. The unlawful actions herein described and attributed to Defendant police officers were intentional, willful, and malicious. Furthermore, the actions undertaken by these Defendants were therefore performed without justification, excuse, or any belief that they were otherwise allowed by law.

19. As a proximate result of the unlawful actions of Defendant police officers alleged herein, Plaintiff has been caused to suffer such injury relating to the violation of his most basic civil rights, in addition to being caused to suffer such psychic injury in the form of pain and

suffering arising from such injury together with the consequent physical injury caused when these officers broke Plaintiff's nose and such other physical impairments thereafter.

WHEREFORE, Plaintiffs demand judgment against Defendants police officers for damages of Five Hundred Thousand Dollars ($500,000.00), plus legal fees, costs, expenses of suit, and any other relief, including but not limited to, the injunctive relief that a Court or jury may deem proper.

### COUNT II
**(Civil Rights Violation as against only Defendants Richburg, Moore, and Bowman for Use of Excessive Force)**

20. Plaintiff realleges the assertions made in paragraphs 1 through 13 of this Complaint as if these paragraphs had been fully set forth herein.

21. In striking Plaintiff with the hard blunt object, possibly a flashlight, the Defendant police officer who struck Plaintiff used such force against Plaintiff as broke his nose for no purpose related to the lawful performance of his duties such as to apprehend a law breaker, effect an arrest, secure evidence of a crime, or to protect the well-being of the Defendant, his fellow officer, or a member of the public.  Rather, this Defendant's motivation was unlawfully to inflict pain upon the Plaintiff so as to coerce or impair him in order to cause him to waive his constitutional rights under the Fourth and Fourteenth Amendment.  As such, this Defendant's application of force was excessive.

22. Acting together with the Defendant police officer who struck Plaintiff, the other Defendant police officer(s) involved in this encounter with Plaintiff acted in concert with his partner to distract Plaintiff to allow his partner to approach Plaintiff in stealth while distracted to

assault Plaintiff unlawfully.  In the circumstances alleged, these other Defendant police officer(s) were complicit in the unlawful actions of his partner.

23.  The actions herein attributed to Defendant police officers denied Plaintiff his constitutional protections against the use of excessive force in the course of effecting a search of his automobile and later an arrest of his person, as assured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

24.  In proceeding as they were alleged herein on June 16, 2009, Defendants police officers acted under color of state law to deny to Plaintiff federally protected rights, in violation of 42 U.S.C. § 1983.

25.  The unlawful actions herein described and attributed to Defendant police officers were intentional, willful, and malicious.  Furthermore, the actions undertaken by these Defendants were therefore performed without justification, excuse, or any belief that they were otherwise allowed by law.

26.   As a proximate result of the unlawful actions of Defendants police officers alleged herein, Plaintiff has been caused to suffer such injury relating to the violation of his most basic civil rights, in addition to being caused to suffer such psychic injury in the form of pain and suffering arising from such injury together with the consequent physical injury of the breaking of his nose and such other physical impairments thereafter.

WHEREFORE, Plaintiffs demand judgment against Defendants police officers for damages of Five Hundred Thousand Dollars ($500,000.00), plus legal fees, costs, expenses of suit, and any other relief, including but not limited to, the injunctive relief that a Court or jury may deem proper.

**COUNT III**
**(Common law battery action against Defendants Richburg, Moore, and Bowman)**

27. Plaintiff realleges the assertions made in paragraphs 1 through 13 of this Complaint as if these paragraphs had been fully set forth herein.

28. In striking Plaintiff with the hard blunt object, possibly a flashlight, the Defendant police officer who struck Plaintiff used such force against Plaintiff as broke his nose for no purpose related to the lawful performance of his duties such as to apprehend a law breaker, effect an arrest, secure evidence of a crime, or to protect the well-being of the Defendant, his fellow officer, or a member of the public.  Rather, this Defendant's motivation was unlawfully to inflict pain on the Plaintiff so as to coerce or impair him to cause him to waive his constitutional rights under the Fourth and Fourteenth Amendment.  As such, this Defendant's application of force was excessive and without such justification as the law may afford a law enforcement officer.

29. Acting together with the Defendant police officer who struck Plaintiff, the other Defendant police officer(s) involved in this encounter with Plaintiff acted in concert with his partner to distract Plaintiff to allow his partner(s) to approach Plaintiff in stealth while distracted to assault Plaintiff unlawfully.  In the circumstances alleged, these other Defendant police officer(s) were complicit in the unlawful actions of this partner.  As such, these Defendants' support of the excessive force administered by their partner was without such justification as the law may afford a law enforcement officer.

30. By the actions alleged herein, Defendant police officers acted to cause, directly, as to one, and by complicity, as to the other, contact with Plaintiff's nose through the use of a hard, blunt object, with the intention of bringing about such harm as breaking the Plaintiff's nose with resulting injury.  Such actions constitute the intentional tort of battery.

31. Defendant police officers were employed by and otherwise authorized to act by Defendant Police Department of Baltimore City.  As such, these individual Defendants acted herein as agents of the Police Department of Baltimore City.

32. In so acting in this encounter, Defendant police officers acted within the scope of their agency, and they were acting to advance the interests of their principal, Police Department of Baltimore City.

33. By certified mail, transmitted on or about December 7, 2009, Plaintiff's counsel properly gave the Police Department of Baltimore City due notification of this action for unliquidated damages in accordance with §5-304(b)(2) of the Courts and Judicial Proceedings Article of the Maryland Code, so as to secure any waiver of governmental immunity for this action under Maryland law.

34. As a proximate result of the unlawful actions of Defendant police officers alleged herein, Plaintiff has been caused to suffer such injury relating to the violation of his common law rights, in addition to being caused to suffer such psychic injury in the form of pain and suffering arising from such injury together with the consequent physical injury of the breaking of his nose and such other physical impairments thereafter, in addition to the consequent economic injury.

WHEREFORE, Plaintiffs demand judgment against Defendants police officers for damages of Five Hundred Thousand Dollars ($500,000.00), plus costs and such other relief, including but not limited to, the injunctive relief, that the Court or jury may deem proper.

Respectfully submitted,

/s/
John H. Morris, Jr.
Trial Bar No. 00325
1210 East 33rd Street
Baltimore, Maryland  21218
(410) 366-5683

Attorney for Plaintiff
Samuel Horne, Jr.

## REQUEST FOR JURY TRIAL

Plaintiff, Samuel Horne, Jr., by and through the undersigned attorney, hereby requests trial by jury with respect to such portions of his claim as to which he may be entitled to a jury trial.

/s/
John H. Morris, Jr.